# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### Marshall Division

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | ) |
| *a Wyoming limited liability company*, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-00126-JRG-RSP |
| | ) |
| LINDA BUTCHER, *an individual*; | ) |
| DBG PARTNERS, INC., *a Texas corporation*; | ) |
| TOBYCLEMENTS.COM, LLC, | ) |
| *a Georgia limited liability company*; | ) |
| TRUE MAGIC, LLC, *a Nevada limited liability company*; | ) |
| JAANO, LLC, *a Nevada limited liability company*; | ) |
| POWER HOME TECHNOLOGIES, LLC, | ) |
| *a North Carolina limited liability company*; | ) |
| LOOKOUT, INC., *a California corporation*; | ) |
| SLICE TECHNOLOGIES, INC. F/K/A PROJECT | ) |
| SLICE, INC., *a California corporation*; | ) |
| STEVE FORTUNA, *an individual*; | ) |
| SOCIALBON, INC., *a Delaware corporation*; | ) |
| FLORIDIANS, LLC, *a Florida limited liability company*; | ) |
| MEDIA OPTIONS, INC., *a foreign entity*; | ) |
| ADAM STRONG, *an individual*; | ) |
| STRONG, INC., *an Illinois corporation*; | ) |
| TELEPATHY, INC., *a District of Columbia corporation*; | ) |
| ONIG, LLC, *a Washington limited liability company*; | ) |
| NEWS LTD, *a foreign entity*; | ) |
| ALL-PRO FASTENERS, INC., *a Texas corporation*; | ) |
| JRS HOLDINGS, LLC, | ) |
| *a Florida limited liability company*; | ) |
| SYLVIA O'DONOHOE, *an individual*; | ) |
| VIRTUAL INVESTMENTS, LLC, | ) |
| *a Connecticut limited liability company*; | ) |
| QUINN VEYSEY, *an individual*; | ) |
| TROV INC., *a California corporation*; | ) |
| BUYERS INTERNATIONAL GROUP, INC., | ) |
| *a Michigan corporation*; | ) |
| DHARSHINEE NAIDU, *an individual*; | ) |
| FUJIFILM NORTH AMERICAN CORPORATION, | ) |
| *a Colorado entity*; | ) |
| KATE SPADE, *an individual*; | ) |
| ELECTRONIC ARTS, INC., *a Delaware corporation*; | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |

INSURANCE COMPANY, *a foreign corporation*;                    )
WORLDWIDE RETAILING, LLC,                                      )
*a Colorado limited liability company*;                        )
CREATION MEDIA, LLC, *a California limited liability*;         )
ALANSIS.COM, INCORPORATED, *an Arizona*                        )
*corporation*;                                                 )
TUMULT, INC., *a Delaware corporation*;                        )
RADICAL INVESTMENTS MANAGEMENT, LLC,                           )
*a Texas limited liability company*;                           )
FANTASY SPIN GAME, LLC, *a Massachusetts*                      )
*limited liability company*                                    )
SOL PERLSTEIN, *an individual*;                                )
STEVE PARMA, *an individual*;                                  )
PRIVECO, INC., *a Michigan corporation*;                       )
WILLIAM WOLFSON, *an individual*;                              )
GOLDRUN, INC., *a Massachusetts corporation*;                  )
CBRE Group, Inc., *a Delaware corporation*,                    )
    *and*                                  )
JOHN DOES 1–100.                                               )
_____ )

## AMENDED COMPLAINT

Plaintiff Associated Recovery, LLC, by counsel, alleges as follows for its Amended

Complaint against Defendants:

### NATURE OF THE SUIT

1.    This is an action for a declaratory judgment, *inter alia*, seeks a declaration that the

Plaintiff's property, which was improperly, fraudulently, or otherwise converted through a

vacated receivership.  The vacated receivership had no authorization to transfer title of the

Plaintiff's property to "original transferees" of that property.  The original transferees had no

legal title to the Plaintiff's property, which the original transferees could pass to subsequent

and/or "current transferees" of that property.  The Plaintiff's requested declaratory judgment

seeks return to the Plaintiff of its property as well as a declaratory judgment that any and all

2

interest obtained in the property by every Defendant was done wrongfully, that the Plaintiff has a superior right in law and equity, and that any purported and/or alleged ownership rights are invalid, null, and *void ab initio*.  In addition to the return of its property under Texas law and a removal of cloud on said property via a request to quiet title, the Plaintiff also seeks damages under federal and state law for conversion, unjust enrichment, misappropriation, fraudulent conveyance, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2.      Associated Recovery, LLC ("Associated Recovery" or "Plaintiff"), seeks injunctive and other equitable relief as a result of the actions of the Defendants, who gained unauthorized control of the Plaintiff's and/or the Plaintiff's predecessor-in-interest's domain names, causing imminent harm and irreparable injury to the Plaintiff.

3.      Associated Recovery seeks damages including lost revenues generated by the Subject Domain Names and/or the revenue from the original sale of the Subject Domain Names from the Plaintiff's predecessors-in-interest below fair market value and/or the revenue from subsequent sales of the Subject Domain Names.  These damages exceed $75,000 for each of the Defendants.

**PARTIES**

4.      The Plaintiff is a limited liability company organized and existing under the laws of Wyoming with a principal business address of 1623 Central Avenue, Suite 201, Cheyenne, Wyoming 82001.  The Plaintiff lawfully acquired domain names from their previous registrants, who are the Plaintiff's predecessors-in-interest.  The acquired domain names include the domain names identified in Exhibit 1 (the "Subject Domain Names").  The previous registrants, who are

the Plaintiff's predecessors-in-interest, used the Subject Domain Names to operate e-commerce websites until sometime in 2012, when the Subject Domain Names were wrongfully transferred from the previous registrants and Plaintiff's predecessors-in-interest.  The Subject Domain Names of Exhibit 1 represent only those domain names, which were transferred to the Plaintiff that are the subject matter of this Amended Complaint.

5.      The Plaintiff is the lawful assignee and owner of all rights, title, and interest in the Subject Domain Names.

6.      Upon information and belief, Defendant Linda Butcher ("Butcher") is an individual residing in Texas at 544 County Road 4552, Winnsboro, Texas 75494, and is a principal of or the original transferee of one or more domain names identified below.  Butcher signed the contract for the domain names as "HRJM Business Broker" and alleged that it was "a Texas company."  No such entity exists in Texas.

7.      Defendants Butcher and/or HRJM gained unauthorized access to and control of Subject Domain Names <uncutdiamonds.com>, <vanart.com>, <designart.com>, <spytoys.com>, <bartenderguide.com>, <icandy.com>, <3dcamera.com>, <illustrated.com>, and <diveshop.com>.

8.      On information and belief, Defendant DBG Partners, Inc. ("DBG"), is a Texas corporation with an address of 940 South Kimball Street #100, Southlake, Texas 76092, and is the original transferee and is believed to be the current transferee of one or more domain names identified below.  DBG may be served with process through its registered agent Todd G. Rowan, at 940 S. Kimball Avenue, Suite 100, Southlake, Texas 76092.  DBG gained unauthorized access to and control of Subject Domain Name <rewards.com>.

9.      On information and belief, Defendant tobyclements.com, LLC ("Clements LLC"), is a Georgia limited liability company with an address of 850 Payden Street, Woodstock, Georgia 30188, and is the original transferee of one or more domain names identified below. Clements LLC may be served with process through its registered agent Matthew P. Collins, at 5 Concourse Parkway, Suite 3000, Atlanta, Georgia 30328.

10.     Defendant Clements LLC is a nonresident and does not have a regular place of business or registered agent for service of process in Texas.  Clements LLC gained unauthorized access to and control of Subject Domain Names <apf.com>, <jph.com>, and <gpm.com>.

11.     On information and belief, Defendant True Magic, LLC ("TML"), is a Nevada limited liability company with an address of 9229 Sunset Blvd., Suite 820, Los Angeles, California 90069, and is the original transferee and the current transferee of one or more domain names identified below.  TML may be served with process through its registered agent GG International, at 500 N Rainbow Blvd., Suite 300, Las Vegas, Nevada 89107.  TML is a nonresident and currently has neither a place of business nor a registered agent in Texas.

12.     TML gained unauthorized access to and control of Subject Domain Names <buytickets.com> and <usedguns.com>.

13.     Defendant Jaano, LLC ("Jaano") is a Nevada limited liability company with an address of 1517 Hudson Park, Edgewater, New Jersey 07020, and is the original transferee of the domain name identified below.  Jaano is currently identified as "dissolved."  The principal of Jaano at the time of the original transfer was Rahul Jain ("Jain"), who is an individual with an address of 375 North Stephanie Street, Suite 1411, Henderson, Nevada 89014.

5

14.     Each of Defendant Jaano and Jain is a nonresident and currently has neither a place of business nor a registered agent in Texas.  Jaano gained unauthorized access to and control of Subject Domain Name <kaam.com>.

15.     On information and belief, Power Home Technologies, LLC ("Power Home"), is a North Carolina limited liability company with an address of 4905 Green Road, Suite 107A, Raleigh, North Carolina 27616, and is the original transferee and the current transferee of the domain name identified below.  Power Home may be served with process through its registered agent CT Corporation System, at 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.  Power Home is a nonresident and currently does not have a place of business in Texas.  Power Home gained unauthorized access to and control of Subject Domain Name <pht.com>.

16.     On information and belief, Defendant Lookout, Inc. ("LI"), is a California corporation that conducts business in a systematic and continuous basis within the United States, including the State of Texas and this judicial district, and has an address of 1 Front Street, #2700, San Francisco, California 94107, and is the original transferee and the current transferee of the domain name identified below.  LI may be served with process through its registered agent Ricardo Velez, at 1 Front Street, San Francisco, California 94111.  LI is a nonresident and currently has neither a place of business nor a registered agent in Texas.  LI gained unauthorized access to and control of Subject Domain Name <lookout.com>.

17.     Defendant Slice Technologies, Inc., F/K/A Project Slice, Inc. ("STI"), is a California corporation with an address of 431 Florence Street, Suite 100, Palo Alto, California 94301, and is the original transferee and the current transferee of the domain name identified below.  STI may be served with process through its registered agent Corporation Service

6

Company Which Will Do Business In California as CSC - Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.  STI is a nonresident and currently has neither a place of business nor a registered agent in Texas.  STI gained unauthorized access to and control of Subject Domain Name <slice.com>.

18.     Defendant Steve Fortuna ("Fortuna") is an individual with an address of 1975 Oakcrest Avenue, Roseville, Minnesota 55113, and is the original transferee of one or more domain names identified below.  Fortuna is a nonresident and currently has neither a place of business nor a registered agent in Texas.  Fortuna gained unauthorized access to and control of Subject Domain Names <savetime.com> and <parkinggames.com>.

19.     Defendant SocialBon, Inc. ("SocialBon"), is a Delaware corporation with an address of 325 West Main Street, Lexington, Kentucky 40207, and is the original transferee of the domain name identified below.  SocialBon may be served with process through its registered agent Incorporating Services, Ltd., at 3500 S Dupont Highway, Dover, Delaware 19901.

20.      SocialBon is a nonresident and currently has neither a regular place of business nor a registered agent Texas.  SocialBon gained unauthorized access to and control of Subject Domain Name <sojo.com>.

21.     Upon information and belief, Defendant Floridians, LLC ("Floridians"), is a Florida limited liability company with an address of 629 N.E. Third Street, Dania, Florida 33004, and is the original transferee of the domain name identified below.

22.     Defendant Floridians is a nonresident and currently has neither a regular place of business nor a registered agent in Texas.  Floridians gained unauthorized access to and control of Subject Domain Name <tumult.com>.

7

23.     Media Options, Inc. ("MOINC-US"), is on information and belief a Panamanian corporation with an address of Avenida Central, San Felipe, Panama City, Panama, and is the original transferee and is believed to be the current transferee of one or more domain names identified below.

24.     Defendant MOINC-US is a nonresident and currently has neither a place of business nor a registered agent in Texas.  MOINC-US gained unauthorized access to and control of Subject Domain Names <bgi.com>, <businessdegree.com>, <ching.com>, <efix.com>, <eph.com>, <exchangeratecalculator,com>, <fok.com>, <fxf.com>, <gfa.com>, <gtf.com>, <hiu.com>, <homelearning.com>, <igm.com>, <kac.com>, <kou.com>, <lhe.com>, <lmg.com>, <mecc.com>, <nlm.com>, <onlineinsurancequotes.com>, <sdu.com>, <waterquality.com>, <illustrated.com>, <musicdegree.com>, <vanart.com>, and <diveshop.com>.

25.     Defendant Adam Strong ("Adam Strong") is an individual with an address of 3309 Robbins Road, Springfield, Illinois 62704, and is the original transferee and the current transferee of one or more domain names identified below.  Adam Strong is a nonresident and currently has neither a place of business nor a registered agent in Texas.

26.     Defendant Strong, Inc. ("Strong, Inc."), is an Illinois corporation with an address of 3309 Robbins Road, Springfield, Illinois 62704, and is the original transferee and is believed to be the current transferee of one or more domain names identified below.  Strong Inc. may be served with process through its registered agent Todd M. Goebel, at 1231 S 8th Street, Springfield, Illinois 62703.  Strong, Inc., is a nonresident and currently has neither a place of business nor a registered agent in Texas.

27.     Defendants Adam Strong and Strong, Inc., gained unauthorized access to and control of Subject Domain Names <baldface.com>, <crafty.com>, <gleam.com>, <hone.com>, and <logostore.com>.

28.     Defendant Telepathy, Inc. ("Telepathy"), is a District of Columbia corporation with an address of 3601 Connecticut Avenue, N.W., Suite L-7, Washington, D.C. 20009, and is the original transferee and the current transferee of one or more domain names identified below. Telepathy may be served with process through its registered agent National Registered Agents Inc., at 1015 15th Street, N.W., Suite 100, Washington, D.C. 20005.  Telepathy is a nonresident and currently has neither a place of business nor a registered agent in Texas.

29.     Defendant Telepathy gained unauthorized access to and control of Subject Domain Names <yjx.com>, <vfg.com>, <ycx.com>, <qmh.com>, <xsg.com>, <ygx.com>, <zdp.com>, <sqg.com>, <ysg.com>, <bgi.com>, <gtf.com>, <hiu.com>, <kac.com>, <lhe.com>, <lmg.com>, <nlm.com>, <waterquality.com>, <parkinggames.com>, <ajm.com>, <azy.com>, <cvy.com>, <duv.com>, <ezs.com>, <ezv.com>, <iwf.com>, <jlu.com>, <joj.com>, <kfj.com>, <khx.com>, <mqn.com>, <ohw.com>, <rne.com>, <rx3.com>, <tgg.com>, <khx.com>, <mqn.com>, <ohw.com>, <rne.com>, <rx3.com>, <tgg.com>, <tpb.com>, <tsy.com>, <ugm.com>, <uwj.com>, <vfz.com>, <vgy.com>, <vlu.com>, <vsk.com>, <wof.com>, <zqi.com>, <zqs.com>, <wff.com>, <bxi.com>, <emv.com>, <iwf.com>, <okv.com>, <rsv.com>, <tgg.com>, <yqp.com>, <cvj.com>, <jlu.com>, <rvm.com>, and <yqt.com>.

30.     Defendant Onig, LLC ("Onig"), is a Washington limited liability company with an address of 17723 Beach Drive N.E., Lake Forest Park, Washington, 98155, and is the original

transferee of one or more domain names identified below.  Onig is currently identified as

"inactive."  The principal and last listed registered agent of Onig at the time of the original

transfer was Chris Carli ("Carli"), who is an individual with an address of 17723 Beach Drive

N.E., Lake Forest Park, Washington 98155.  Each of Onig and Carli is a nonresident and

currently has neither a place of business nor a registered agent in Texas.

31.     Defendant Onig and Carli gained unauthorized access to and control of Subject

Domain Names <collegetextbooks.com>, <cheapsunglasses.com>, and <bulletproofvest.com>.

32.     Defendant News Ltd  ("News Ltd") is a Seychelles entity with an address of

225 Peerless Avenue, Gold Coast QLD 4109, Australia, and is the original transferee of one or

more domain names identified below.  News Ltd is a nonresident and currently has neither a

place of business nor a registered agent in Texas.

33.     Defendant News Ltd gained unauthorized access to and control of Subject

Domain Names <egyptnews.com>, <lakehavasunews.com>, <newsmoldova.com>,

<modestonews.com>, and <chipleynews.com>.

34.     Defendant All-Pro Fasteners, Inc. ("Fasteners"), is a Texas corporation and has an

address of 1916 Peyco Drive, North Arlington, Texas 76001, and is the current transferee of the

domain name identified below.  Fasteners may be served with process through its registered

agent Thomas V. Shelton, at 1916 Peyco Drive, North Arlington, Texas 76001.  Fasteners gained

unauthorized access to and control of Subject Domain Names <apf.com>.

35.     Defendant JRS Holdings, LLC ("JRS"), is a Florida limited liability company

with an address of 411 North New River Drive, Suite 606, Fort Lauderdale, Florida, 33301, and

is the original transferee of the domain name identified below.  JRS may be served with process

through its registered agent Business Filings Incorporated, at 1200 South Pine Island Road, Plantation, Florida 33324.  JRS is a nonresident and currently does not have a place of business in Texas.

36.     Defendant JRS gained unauthorized access to and control of Subject Domain Name <womensclothes.com>.

37.     Defendant Sylvia O'Donohoe ("O'Donohoe") is an individual with an address of 62 Grosvenor Square, Rathmines, Dublin 6, Ireland, and is the original transferee of the domain name identified below.  O'Donohoe is a nonresident and currently has neither a place of business nor a registered agent in Texas.  O'Donohoe gained unauthorized access to and control of Subject Domain Name <ding.com>.

38.     Defendant Virtual Investments, LLC ("Virtual"), is a Connecticut limited liability company with an address of 55 Hidden Brook Drive, Southbury, Connecticut 06488, and is the original transferee of the domain name identified below.  Virtual is currently identified as "dissolved."  The principal of Virtual at the time of the original transfer was Brian McDonald ("McDonald"), who is an individual with an address of 55 Hidden Brook Drive, Southbury, Connecticut 06488.  The last registered agent for Virtual was Steven M. McDonald, at 55 Hidden Brook Drive, Southbury, Connecticut 06488.  Each of Virtual and McDonald is a nonresident and currently has neither a place of business nor a registered agent in Texas.

39.     Defendants Virtual and McDonald gained unauthorized access to and control of Subject Domain Name <eky.com>.

40.     Defendant Quinn Veysey ("Veysey") is an individual with an address of 2712 Wilshire Boulevard, Santa Monica, California 90403, and is the original transferee and the

current transferee of one or more domain names identified below.  Veysey is a nonresident and currently has neither a place of business nor a registered agent Texas.  Veysey gained unauthorized access to and control of Subject Domain Name <johnnieo.com>.

41.    Defendant Trov Inc. ("TRI") is a California limited liability company with an address of 347 Hartz Avenue, Danville, California 94526, and is the current transferee of the domain name identified below.  TRI may be served with process through its registered agent Scott Walchek, at 347 Hartz Avenue, Danville, California 94526.  TRI is a nonresident and currently has neither a place of business nor a registered agent in Texas.  TRI gained unauthorized access to and control of Subject Domain Name <trov.com>.

42.    On information and belief, Defendant Buyers International Group, LLC ("Buyers"), is a Michigan corporation with an address of 15001 Michigan Avenue, Suite 200, Dearborn, Michigan 48126.  Buyers may be served with process through its registered agent Haney Sarsour, at 586 Belvedere Ct S, Canton Michigan 48188.  Buyers had a Texas resident agent but the Texas resident agent is currently identified at "dissolved."  Buyers is the current transferee of the domain name identified below.  Buyers is a nonresident and currently has neither a place of business nor a registered agent in Texas.

43.     Buyers gained unauthorized access to and control of Subject Domain Names <ching.com>.

44.    Defendant Dharshinee Naidu ("Naidu") is an individual with an address of 174 West 4th Street, Suite 160, New York, New York 10014, and is the current transferee of the domain name identified below.  Naidu is a nonresident and currently has neither a place of

business nor a registered agent in Texas.  Naidu gained unauthorized access to and control of
Subject Domain Name <battlelog.com>.

45.     Defendant Fujifilm North America Corporation ("Fuji") is a Colorado entity with
an address of 200 Summit Lake Drive, Valhalla, New York 10595, and is the current transferee
of the domain name identified below.  Fuji may be served with process through its registered
agent Corporation Service Company, at 1560 Broadway, Suite 2090, Denver, Colorado 80202.
Fuji is a nonresident and currently has neither a place of business nor registered agent in Texas.
Fuji gained unauthorized access to and control of Subject Domain Name <designart.com>.

46.     Defendant Kate Spade ("Spade") is an individual with an address of 174 West
4th Street, Suite 160, New York, New York 10014, and is the original transferee of the domain
name identified below.  Spade is a nonresident and currently has neither a place of business nor a
registered agent Texas.  Spade gained unauthorized access to and control of Subject Domain
Name <uncutdiamonds.com>.

47.     Defendant Electronic Arts Inc. ("EAI") is a Delaware corporation with an address
of 209 Redwood Shores Parkway, Redwood City, California 94065, and is the current transferee
of the domain name identified below.  EAI may be served with process through its registered
agent The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street,
Wilmington, Delaware 19801.  EAI is a nonresident and currently has neither a place of business
nor a registered agent in Texas.  EAI gained unauthorized access to and control of Subject
Domain Name <battlelog.com>.

48.     Defendant State Farm Mutual Automobile Insurance Company ("SFM") is an
insurance company that conducts business on a systematic and continuous basis within the

United States, including the State of Texas and this judicial district.  SFM may be served with process by and through its registered agent, Corporate Services Company, 211 East Seventh Street, Suite 620, Austin, Texas 78701, and is the current transferee of the domain name identified below.  SFM gained unauthorized access to and control of Subject Domain Name <onlineinsurancequotes.com>.

49.     Defendant Worldwide Retailing, LLC ("WWR"), is a Colorado limited liability company with an address of 2360 Curtis Street, Unit 6, Denver, Colorado 80205, and is the current transferee of the domain name identified below.  WWR may be served with process through its registered agent Dedric Wilken, at P.O. Box 46221, Denver, Colorado 80202.  WWR is a nonresident and currently has neither a place of business nor a registered agent in Texas. WWR gained unauthorized access to and control of Subject Domain Name <uyr.com>.

50.     Defendant Creation Media, LLC ("Creation"), is a California limited liability company with an address of 206 Rhine Street, San Francisco, California 94112, and is the current transferee of the domain name identified below.  Creation may be served with process through its registered agent Yui Quan, at 206 Rhine Street, San Francisco, California 94112. Creation is a nonresident and currently has neither a place of business nor a registered agent in Texas.  Creation gained unauthorized access to and control of Subject Domain Name <spytoys.com>.

51.     Defendant Alansis.com, Incorporated ("Alansis") is an Arizona corporation with an address of 6627 N. Smoke Tree Lane, Paradise Valley, Arizona 85253, and is the current transferee of the domain name identified below.  Alansis  may be served with process through its registered agent ST Service Co., at 4250 N Drinkwater Blvd., 4th Floor, Scottsdale, Arizona

85251.  Alansis is a nonresident and currently has neither a place of business nor a registered

agent in Texas.  Alansis gained unauthorized access to and control of Subject Domain Name

<icy.com>.

52.     On information and belief, Defendant Tumult, Inc. ("TI"), is a Delaware

corporation with an address of 540 Laguna Street, San Francisco, California 94102, and is the

current transferee of the domain name identified below.  TI may be served with process through

its registered agent Vcorp Services, LLC, at 10103 Centre Road, Suite 403-B, Wilmington,

Delaware 19805.  TI is currently a nonresident and currently has neither a place of business nor a

registered agent in Texas.  TI gained unauthorized access to and control of Subject Domain

Name <tumult.com>.

53.     Defendant Radical Investments Management, LLC ("Radical"), is a Texas limited

liability company that conducts business in a systematic and continuous basis within the United

States, including the State of Texas and this judicial district, and may be served through its

registered agent at Capitol Corporate Services, Inc., 206 East Ninth Street, Suite 1300, Austin,

Texas 78701.  Radical is the current transferee of the domain name identified below.  Radical

gained unauthorized access to and control of Subject Domain Name <icandy.com>.

54.     Defendant Fantasy Spin Game, LLC, ("Fantasy") is a Massachusetts entity with

an address of 55 Chapel Street, Suite 30, Newton, Massachusetts 024568.  Fantasy may be

served with process through its registered agent Donn Worby, at 55 Chapel Street, Suite 30,

Newton, Massachusetts 02458.  Fantasy is a nonresident and currently has neither a place of

business nor a registered agent in Texas.  Fantasy gained unauthorized access to and control of

Subject Domain Name <exchangeratecalculator.com>.

15

55.     Defendant Sol Perlstein ("Perlstein") is an individual with an address of 10185 Collins Avenue, Bal Harbour, Florida 33154, and is the current transferee of the domain name identified below.  Perlstein is a nonresident and currently has neither a regular place of business nor a registered agent in Texas.  Perlstein gained unauthorized access to and control of Subject Domain Name <efm.com>.

56.     Defendant Steve Parma ("Parma") is an individual with an address of 2409 Becker Court, Modesto, California 95358, and is the current transferee of the domain name identified below.  Parma is a nonresident and currently has neither a place of business nor a registered agent in Texas.  Parma gained unauthorized access to and control of Subject Domain Name <modestonews.com>.

57.     Defendant PriveCo Inc. ("PriveCo") is a Michigan corporation with an address of 352 Oliver Drive, Troy, Michigan 48084, and is the current transferee of the domain name identified below.  PriveCo may be served with process through its registered agent Thomas M. Nardone, at 352 Oliver Drive, Troy, Michigan 48084.  PriveCo is a nonresident and currently has neither a place of business nor a registered agent in Texas.  PriveCo gained unauthorized access to and control of Subject Domain Name <bulletproofvest.com>.

58.     Defendant William Wolfson ("Wolfson") is an individual with an address of 7805 63rd Avenue East, Puyallup, Washington 98371, and is the current transferee of the domain name identified below.  Wolfson is a nonresident and currently has neither a place of business nor a registered agent in Texas.  Wolfson gained unauthorized access to and control of Subject Domain Name <vhj.com>.

16

59.     Defendant GoldRun, Inc. ("GoldRun"), is a Massachusetts corporation with an address of 31 Hayward Street, Building 17, Franklin, Massachusetts 02038, and is the original transferee of the domain name identified below.  GoldRun is currently identified as having an "involuntary dissolution by court order."  The principal of GoldRun at the time of the original transfer was Vivian Rosenthal ("Rosenthal"), who is an individual with an address of 54 West 21st Street, Suite 705, New York, New York 10010, and a business address of c/o Snaps Media, Inc., 132 East 28th Street, Suite 4, New York, New York 10016.  The last registered agent identified for GoldRun is John A. Doerst, at 1350 East Flamingo Road, Suite 1050, Las Vegas, Nevada 89119. Each of GoldRun and Rosenthal is a nonresident and currently has neither a place of business nor a registered agent in Texas.  GoldRun gained unauthorized access to and control of Subject Domain Name <goldrun.com>.

60.     Defendant CBRE Group, Inc.  ("CBRE"), is a Delaware corporation with an address of 200 Park Avenue, Floor 19, New York, New York 10166, and is the current transferee of the domain name identified below.  CBRE may be served with process through its registered agent The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  CBRE is a nonresident and currently has neither a place of business nor a registered agent in Texas.  CBRE gained unauthorized access to and control of Subject Domain Name <ucr.com>.

61.     The Defendants Does 1 through 50 are business entities which reside and/or conduct business within this Judicial District.  Moreover, Does 1 through 50 are directly engaging in the collection of revenues from the Subject Domain Names and/or the sale of the Subject Domain Names as alleged herein as partners, business associates, collaborators, or

suppliers to one or more of the named Defendants.  The Plaintiff is presently unaware of the true names of Does 1 through 50.  The Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

62.     The Defendants Does 51 through 100 are individuals who reside and/or conduct business within this Judicial District.  Further, Does 51 through 100 are directly and personally contributing to, inducing, and engaging in the collection of revenues from the Subject Domain Names and/or the sale of the Subject Domain Names as alleged herein as partners, business associates, collaborators, or suppliers to one or more of the named Defendants.  The Plaintiff is presently unaware of the true names of Does 51 through 100.  The Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

63.     All Defendants conduct business in a systematic and continuous basis within the United States, including the State of Texas and this judicial district.

64.     Upon information and belief, based upon the Plaintiff's research and due diligence, some of the addresses presently listed in the domain name registration records for the Defendant domain names are fictitious and do not identify actual addresses.

65.     Upon information and belief, based upon the Plaintiff's research and due diligence, some of the names presently listed as the registrants of the Subject Domain Names are fictitious names or are obfuscated in violation of the policies set forth by the Internet Corporation for Assigned Names and Numbers (ICANN).

**JURISDICTION, VENUE AND JOINDER**

66.     This action arises out of Defendants' violation of the Anticybersquatting

Consumer Protection Act, 15 U.S.C. § 1125(a) and (d); and other related causes of action arising

out of Defendants' willful actions in violation of the laws of the State of Texas.

67.     This Court has original jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331

and 1338(a), supplemental jurisdiction under 28 U.S.C. § 1367, declaratory judgment

jurisdiction under 28 U.S.C. §§ 2201 and 2202, and diversity of citizenship.  The amount in

controversy exceeds $75,000, exclusive of interest and costs, per defendant.

68.     This Court has personal jurisdiction over the Defendants because the Defendants

established minimum contacts with the forum such that the exercise of jurisdiction would not

offend traditional notions of fair play and substantial justice and have committed intentional acts

of fraud, conversion, theft, unfair competition, and cybersquatting in this Judicial District.

69.     In addition, on information and belief, the Defendants have derived substantial

revenues from their intentional acts and are subject to personal jurisdiction in this District for at

least the reasons identified above, including due at least to their active websites' accessibility

within the State of Texas and from this District.

70.     Further, this Court has specific and general personal jurisdiction pursuant to due

process and/or the Texas Long Arm Statute, resulting from at least the Defendants' substantial

business in this forum, including (I) contracting with a Texas resident to perform a contract in

Texas, which gives rise to the causes of action herein; (ii) conversion of the Plaintiff's property

while in Texas; (iii) theft, cybersquatting, and unfair trade practices alleged herein; and (iv)

regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or

deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

71.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).  A primary Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this district.

72.     Joinder of the Defendants and Subject Domain Names is proper under FED. R. CIV. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants and Subject Domain Names.

## GENERAL ALLEGATIONS

73.     The Subject Domain Names were originally registered at various times in or around the years 2000 and 2004 prior to the interests in such domain names being assigned to the Plaintiff.

74.     The Plaintiff uses, and its predecessors-in-interest used, Internet domain names and e-commerce websites to advertise products for others such as furniture, watches, shoes, computers, groceries, antiques, and eyewear.  The Plaintiff, via its predecessors-in-interest, has also used Internet domain names and e-commerce websites to provide a wide range of services beneficial to the public including, but not limited to, links to other sites, information relating to online searches, and other online services in the fields of sports, travel, shopping, politics, retail services, and videos.  The Plaintiff and, more specifically, its predecessors-in-interest used the Subject Domain Names in commerce for approximately 13 years and had common law rights in the subject marks, reflected in the Subject Domain Names which, with the associated goodwill, were assigned to the Plaintiff.

75.     The most often used domain names were three-letter and three-number domain names as well as three-character combinations of letters and numbers as domain names.  These domain names often served as initialisms and acronyms for products and services and as the trademark names of its websites, because such letter and number strings are the subject of frequent Internet searches by consumers and are, therefore, valuable as e-commerce site names.

76.     Additionally, descriptive and suggestive domain names were used for products and services and as the trademark names of its websites, which have acquired secondary meaning over the course of their use in commerce.

77.     On or about December 24, 2015, the Subject Domain Names, and their associated trademarks and goodwill were assigned to the Plaintiff.  Included in the assignment was the right of the Plaintiff to sue and to recover possession of the Domain Names and recover damages for past, present, and future infringements, dilution, misuse, misappropriation, and other violations.

78.     Prior to Defendants' unlawful acquisition of the Subject Domain Names, Plaintiff via its predecessors had common law trademark rights in the marks identified in "Exhibit 1."

## UNLAWFUL TRANSFER AND REGISTRATION
## OF THE SUBJECT DOMAIN NAMES

79.     In November 2010 the Northern District of Texas improperly placed the Subject Domain Names, and other domain names, under the control of a receivership in a case pending in that court bearing Case No. 3-09-cv-00988.  The Plaintiff's predecessors-in-interest immediately appealed this order of the Court alleging such action was not within the jurisdiction of the Court.

80.     The United States Court of Appeals for the Fifth Circuit ultimately issued an Opinion and Order on December 18, 2012, holding that the District Court lacked subject matter

jurisdiction to enter the receivership and, most importantly for the instant case, the order appointing the receivership was vacated.  Additionally, the Fifth Circuit's opinion further required the Northern District of Texas to wind down the receivership.  The Fifth Circuit issued its mandate on this Opinion and Order on April 19, 2013.

81.     The judge of the Northern District of Texas did not wind down the receivership until on or about March 1, 2015.

82.     During the pendency of the appeal to the United States Court of Appeals for the Fifth Circuit, the judge presiding over the case in the Northern District of Texas issued numerous orders permitting the receivership to sell the Subject Domain Names ("Domain Sales").  The owners of the domain names were not informed and were given no notice as to which domain names were included in any of the Domain Sales.  Further, at the time of the Domain Sales, the owners (i.e., the Plaintiff's predecessors-in-interest) were not told when the Subject Domain Names were sold or to whom they were sold.  Consequently, the Subject Domain Names were sold in violation of ownership rights, despite the objective indicia noticing any and all potential transferees that the rights of the receivership to convey the Subject Domain Names were, at best, spurious.  Importantly, the owners were not parties to the lawsuit.

83.     On or about April 1, 2013, in ruling the receivership vacated for lack of subject matter jurisdiction, the United States Court of Appeals for the Fifth Circuit ordered a reversal of the Domain Sales orders.

84.     Based upon the due diligence research of the Plaintiff, one or more of the Domain Sales were enabled by Mr. Damon Nelson ("Mr. Nelson"), an individual appointed by the Northern District of Texas to assist the receivership in valuing and managing the domain name

portfolio and who was appointed as "the permanent Manager."  The owners of the Subject

Domain Names never authorized any action by Mr. Nelson regarding the Domain Sales.  Mr.

Nelson's appointment was subsequently voided and vacated.

85.     Upon information and belief, at least one or more of the original Defendants (also,

the "Transferees") solicited Mr. Nelson, with full actual or constructive knowledge of the

vacated receivership and with full actual or constructive knowledge of Mr. Nelson's lack of

authority, to sell the Subject Domain Names.

86.     Upon information and belief, one or more of the Transferees were aware of the

pending appeal to the United States Court of Appeals for the Fifth Circuit.

87.     Upon information and belief, one or more of the Domain Sales were made

without any purported transfer of goodwill or trademark rights, with an express disclaimer of any

warranties, and with the Transferees' knowledge of (a) the owner's superior rights in the Subject

Domain Names; (b) the lack of authority for transfer of any rights concerning the Subject

Domain Names; (c) the appeal pending at the time of the Domain Sales; (d) the fact that a

reversal by the Fifth Circuit Court of Appeals would likely render any transfer void; and (e) the

expectation that legal action would be initiated against the Transferees to reclaim the property.

88.     Upon information and belief, one or more of the original Transferees requested

that they receive representations and warranties from Mr. Nelson regarding the title of the

Subject Domain Names and indemnification for Mr. Nelson's lack of clear title.  Mr. Nelson

refused to provide these representations and warranties or this indemnification.

89.     Upon information and belief, the "on the books" consideration given to Mr. Nelson, and ultimately placed into bank accounts under the control of the receivership, for the Domain Sales was less than approximately 1% of the value of the Subject Domain Names.

90.     When the Transferees obtained possession and control of the Subject Domain Names, each Transferee changed the registrant information, and the technical settings for the domain names were changed, thereby disabling associated e-commerce websites.

91.     Upon information and belief, the Transferees offered the Subject Domain Names for sale.

92.     Upon information and belief, some of the Transferees did, in fact, sell and/or transfer some of the Subject Domain Names to third parties, who were aware of the Plaintiff's superior rights in the Subject Domain Names ("Third Party Transferees").

93.     The registration and use of the Subject Domain Names by one or more of the Defendants are without authorization from the Plaintiff or its predecessors-in-interest.

94.     Upon information and belief and based upon the Plaintiff's due diligence, some of the Subject Domain Names do not reflect the legal name of the current registrant(s) and/or owners of the domain names.

95.     Upon information and belief, most of the current registrants of the Subject Domain Names have not engaged in bona fide non-commercial or fair use of Plaintiff's trademarks in a website accessible under the Subject Domain Names.

96.     Upon information and belief, the Transferees and some, if not all, of the Defendants who currently control the Subject Domain Names offered or are offering to sell the Subject Domain Names to third parties for financial gain without having used, or having an

24

intent to use, the domain names in the bona fide offering of any goods or services.  Many of the web pages displayed at the Subject Domain Names advertise the domain names for sale.

97.     Many of the Defendant registrants provided material and misleading false contact information in the domain name registrations when changing the registrant for the Subject Domain Names from the Plaintiff's predecessors-in-interest, Novo Point LLC and Quantec LLC, to the current registrant(s).

98.     Many of the Defendants registered multiple domain names which the Defendants knew were identical to, and reflective of, the Plaintiff's common law trademarks.

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment

99.     The Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 98, as though fully set forth herein.

100.     This Court should declare:

(a)     That the Plaintiff is the lawful owner of the Subject Domain Names with the only right to use, possess, and control the Subject Domain Names and that the Plaintiff is entitled to a Declaration from the Court for the same; and

(b)     That the Defendants have no right whatsoever to use, possess, or control the Subject Domain Names and that the Plaintiff is entitled to a Declaration from the Court for the same.

101.     An actual and justiciable controversy exists between the Defendants and the Plaintiff as to who is entitled to use, possess, and control the Subject Domain Names.

## SECOND CLAIM FOR RELIEF
### Conversion

102.    The Plaintiff repeats and realleges each and every allegation set forth in the

foregoing paragraphs 1 through 101, as though fully set forth herein.

103.    The Plaintiff is the owner of and has the sole right to possess, use, and control the

Subject Domain Names.  Ownership of the Subject Domain Names was merged into a document

as either the DNS database or WHOIS record, before the unlawful conversion, showing the

Plaintiff to be the lawful and rightful owner of the Subject Domain Names.

104.    Moreover, based upon information and belief, the Subject Domain Names were

merged into documents, namely, the DNS database or WHOIS records for the Subject Domain

Names which, by virtue of the merged documents, converted the Subject Domain Names to the

exclusion of, and were inconsistent with, the Plaintiff's wishes and ownership rights over the

Subject Domain Names.

105.    The Defendants, and particularly those Defendants who are original Transferees,

have unlawfully and without authorization converted the Subject Domain Names and are

wrongfully exercising dominion and control over the Subject Domain Names to the exclusion of,

and inconsistent with, the Plaintiff's wishes and ownership rights over the Subject Domain

Names.

106.    Further, the wrongful use, possession, and control exercised by the Defendants

deprive the Plaintiff of the income and business generated from the Subject Domain Names.

107.    The Plaintiff has demanded that the Defendants return the Subject Domain

Names, and the Defendants have refused to do so.

## THIRD CLAIM FOR RELIEF
### Violation of the ACPA

108.     The Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 107, as though fully set forth herein.

109.     The Plaintiff's trademarks are famous and/or distinctive and were famous and/or distinctive prior to the time that control of the Subject Domain Names was transferred away from the Plaintiff's predecessors-in-interest without authorization to the Transferees.

110.     The Plaintiff's trademarks are famous and/or distinctive and were famous and/or distinctive prior to the time that the Defendants transferred the Subject Domain Names away from the Plaintiff without authorization and thereby registered the Subject Domain Names.

111.     The aforesaid acts by the Defendants constitute registration, trafficking, or use of domain names that are identical to the Plaintiff's trademarks with bad faith intent to profit therefrom.

112.     The Defendants had no rights in the Subject Domain Names.

113.     The aforesaid acts by the registrant(s) with respect to the Subject Domain Names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(l).

114.     The aforesaid acts have caused, and are causing, great and irreparable harm to Plaintiff and the public.  Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.  Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(I), (15 U.S.C. § 1125(d)(1)(c), for in personam) the Plaintiff is entitled to an order transferring the Subject Domain Name registrations to the Plaintiff.

115.     The Plaintiff is entitled to recover actual and/or statutory damages and attorney

fees and costs.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

116.     The Plaintiff repeats and realleges each and every allegation set forth in the

foregoing paragraphs 1 through 115, as though fully set forth herein.

117.     As a result of their intentional wrongful actions, all Defendants were unjustly

enriched by the procurement of the Subject Domain Names if they are not disgorged of same.

Without disgorgement, the Defendants would be allowed to keep the valuable Subject Domain

Names.

118.     Under Texas law, and under fundamental principles of justice and fairness, the

Plaintiff has suffered pecuniary harm and requests that the Defendants be ordered to disgorge the

unjustly obtained Subject Domain Names and/or any and all revenues derived by the Subject

Domain Names or the sale of the Subject Domain Names.

## FIFTH CLAIM FOR RELIEF
### Misappropriation

119.     The Plaintiff repeats and realleges each and every allegation set forth in the

foregoing paragraphs 1 through 118, as though fully set forth herein.

120.     The acquisition of the Subject Domain Names involved extensive time, labor,

skill, and money which created the trade value that the Defendants misappropriated in violation

of the Plaintiff's property right.

121.    The Defendants gained a special advantage over the Plaintiff because the Defendants were not burdened by the development expenses incurred by Plaintiff's predecessors-in-interest.

122.    The Defendants have appropriated the trade value of the Subject Domain names at little or no cost and have, in essence, "reaped where they have not sown."

123.    The Defendants' actions have injured the Plaintiff, as the Plaintiff is unable to use and exercise control over the Subject Domain Names.

124.    The Plaintiff is being harmed through the loss of prospective traffic to its business, loss of income, and loss of business and personal e-mails resulting in loss of prospective business opportunities unless enjoined.

125.    The Plaintiff is entitled to damages, including all revenues derived by the Subject Domain Names and/or the sale of the Subject Domain Names, and reasonable and necessary attorney fees, and court costs.

## SIXTH CLAIM FOR RELIEF
### Quiet Title

126.    The Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 125, as though fully set forth herein.

127.    The ownership of the Subject Domain Names has been clouded by the Defendants being listed as the registrants and owners in the WhoIs database and by the Defendants' claim to be the owners of the Subject Domain Names.

128.    There is a dispute as to legitimate ownership of the Subject Domain Names.

129.    The Plaintiff is entitled to an order from this Court quieting title to the Subject Domain Names.

## SEVENTH CLAIM FOR RELIEF
### Fraudulent Conveyance

130.     The Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 129, as though fully set forth herein.

131.     The Defendants, especially the original transferees, were fraudulent transferees. The Defendants, as fraudulent transferees, did not take the Subject Domain Names in good faith or for a reasonable value.  The Defendants made the transfer with the receivership estate, that, as the debtor had the specific intent to avoid satisfying liability of the estate to the creditor, Plaintiff's predecessors-in-interest, by transferring the Subject Domain Names for less than their actual fair market value.  As such the fraudulent transferees benefitted from the transfers, and the estate no longer has the value of money or assets owed by the estate to the Plaintiff through its predecessors-in-interest.

132.     Transfers were not within the range of values for which the receivership would have sold the assets in an arm's length transaction, receiving a reasonably equivalent value in exchange for the transfer.

133.     The Defendants had actual or constructive knowledge of the Plaintiff's predecessors-in-interest's rights in and to the Subject Domain Names at the time the Defendants entered into transactions to obtain control of them.

134.     One or more of the Defendants engaged in the transactions with Mr. Nelson with full knowledge that Mr. Nelson may not have had any authority to transfer or convey any rights.

135.     The Transfers of Control to the Defendants were made without any authorization from the Plaintiff, Mr. Jeff Baron, Novo Point LLC, or Quantec LLC and are tantamount to thefts.

136.     The Transferees acquired no rights in or to the Subject Domain Names, and Third Party Transferees acquired no greater rights than the original Transferees.

137.    As a result of the transfers of the Subject Domain Names, the receivership became insolvent.

138.    The Plaintiff is entitled to voidance of the transfers of the Subject Domain Names and to damages, including all revenues derived by the Subject Domain Names and/or the sale of the Subject Domain Names.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays:

1.    That judgment be entered in favor of the Plaintiff on its claims;

2.    That this Court declare that all transfers made by the Defendants of the Subject Domain Names are null and *void ab initio*;

3.    That this Court declare the Plaintiff to be the sole, lawful, and rightful owner of the Subject Domain Names;

4.    That the Court enter an order directing the Subject Domain Names be promptly transferred to the Plaintiff;

5.    That an order be entered that any other domain names registered by the Defendants of the Subject Domain Names that resemble or include the Plaintiffs' trademarks be transferred to the Plaintiff; and

6.    That the Plaintiff be awarded damages, including but not limited to the fair market value of the Subject Domain Names and/or the lost revenues from the Subject Domain Names;

7.    That the Plaintiff be awarded exemplary damages; and

8.    That the Plaintiff be awarded its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

9.    That the Plaintiff be granted interest as allowed by law; and

10.      For such other further relief at law or in equity as the Court may deem proper.

Respectfully submitted,

 /s/  Luiz Felipe Oliveira
Luiz Felipe Oliveira  (Reg. No. 5349923)
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Attorneys for the Plaintiff**