IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1025-L** |
| | § | |
| **JOHN DOES 1-44,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On March 6, 2017, and March 20, 2017, related cases 3:17-CV-424-L and 3:17-CV-651-L filed by Associated Recovery were transferred to this court for possible consolidation with Civil Action No. 3:16-CV-1025-L. Pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42.1, the court determines that these cases should be consolidated with Civil Action No. 3:16-CV-1025-L.[*] Accordingly, Civil Action Nos. 3:17-CV-424-L and 3:17-CV-651-L are hereby **closed** and **consolidated** under Civil Action No. 3:16-CV-1025-L. Henceforth, all pleadings filed in this action shall be filed under Civil Action 3:16-CV-1025-L, styled *Associated Recovery v. John Does 1-44,*

---

[*]Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Having considered the pleadings in all three actions, the court determines that common questions of law and fact are present. Moreover, maintaining multiple separate actions that arise from the same events and present overlapping legal issues is unduly burdensome and an inefficient use of judicial resources.

**Order - Page 1**

*et al.*, and shall bear the legend "Consolidated with Civil Action Nos. 3:17-CV-424-L and 3:17-CV-651-L." The clerk of the court **shall** docket this order in this case, as well as Civil Action Nos. 3:17-CV-424-L and 3:17-CV-651-L. By separate order, the court will set a deadline for Plaintiff to file an amended complaint that sets forth all of its claims against all Defendants in the consolidated action and will deny without prejudice the pending motions to dismiss the complaints filed in the separate actions. Proceeding in this manner will promote judicial economy and avoid piecemeal litigation.

Further, to assist the court in minimizing any further delays in this case moving forward and the cost associated with unnecessary briefing, the court **directs** Plaintiff to notify the court in writing by **March 31, 2017**, whether there are any other pending cases or cases that Plaintiff anticipates filing in the coming year that involve claims pertaining to the sale of assets by the receiver in the *Netsphere* litigation. Plaintiff's submission **shall** also clarify whether there are any additional claims against defendants remaining in the case that was originally filed in the Eastern District of Virginia, Alexandria Division that have not yet been transferred to the Northern District of Texas. The court assumed that the remainder of the unresolved claims against defendants in the Virginia case were transferred to this district on July 1, 2016; however, Case No. 3:17-CV-424-L, which was transferred only recently to this district, was part of the same case originally filed by Plaintiff in the Eastern District of Virginia, Alexandria Division.

**It is so ordered** this 23rd day of March, 2017.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order - Page 2